(Reap. Dec. 10812)

BERBEN CORP. *v.* UNITED STATES

Entry No. 989067, etc.

(Decided August 26, 1964)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule A, attached to and made a part of the decision herein, controvert the value found by the appraiser on certain shotguns with or without other words of description and parts thereof and fittings therefor, imported from Italy.

The instant appeals have been submitted for decision upon the following stipulation of fact agreed to by the parties—

That the appeals for reappraisement listed on Schedule A, hereto attached and made a part hereof, are limited to the merchandise described on the invoices as shotguns with or without other words of description, and parts thereof and fittings therefor, exported by the firm of Pietro Beretta, Italy.

That the merchandise in question was entered after February 28, 1958, and that said merchandise does not appear on the Secretary's Final List, T.D. 54521.

That at the time of exportation to the United States of the merchandise in question, the price at which such or similar merchandise was freely sold in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the entered value.

Upon the agreed facts of record, the court finds and holds that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. § 1401a(b)), is the proper basis of value for the shotguns and parts thereof and fittings therefor in issue and that said value is represented by the entered value.

Judgment will be entered accordingly.